IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDREW P. GEDROSE, ) | |
| ) | |
| Plaintiff, ) | Civil No . 06-1422-JO |
| ) | |
| v. ) | <u>OPINION AND ORDER</u> |
| ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

    Martin R. Cohen
    4040 Douglas Way
    P. O. Box 1229
    Lake Oswego, OR  97035

    Linda S. Ziskin
    Attorney at Law
    3 Monroe Parkway, Suite P
    Lake Oswego, OR  97035

   Attorneys for Plaintiff

Joanne E. Dantonio
Michael McGaughran
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, WA  98104

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

   Attorneys for Defendant

JONES, Judge:

Claimant Andrew Gedrose seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  Following a careful review of the record and for the reasons stated below, I agree with claimant that based on the administrative record, remand for an award of benefits is appropriate.

## ADMINISTRATIVE HISTORY

Claimant protectively filed applications for DIB and SSI on November 22, 2004, alleging an inability to work since October 31, 2004, due to diabetes, high blood pressure, and multiple sclerosis.  The applications were denied initially and on reconsideration.

Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on February 28, 2006.  Claimant, represented by counsel, appeared and testified at the hearing, as did a vocational expert ("VE").  On April 27, 2006, the ALJ issued his decision

denying claimant's applications. The ALJ's decision became the final decision of the Commissioner on September 20, 2006, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the nondisability requirements for a period of disability and DIB through September 30, 2009. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ found that claimant has not been engaged in substantial gainful activity since his alleged onset date.

Second, the ALJ found that claimant has medically determinable severe mental and physical impairments in the form of mild multiple sclerosis with mild memory limitations, mild depression, and mild anxiety, but that claimant's impairments do not, either singly or in combination, meet or equal the criteria of any impairment in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1.

In the next step of the evaluation, the ALJ determined that claimant retains the following residual functional capacity:

> to lift ten pounds frequently and twenty pounds occasionally. He can stand and/or walk for ten minutes at a time for a total of two hours in an eight-hour workday. His ability to sit is not affected. He can occasionally climb, balance, and stoop. He is limited to simple, repetitive, routing work with occasional public interaction. He should not work in proxim[ity] to large groups of people.

Tr. 18. In making that determination, the ALJ found claimant's testimony and that of his witness to be generally credible to the extent that he has medically determinable impairments that cause vocationally relevant limitations, "but not to the extent [he is] completely disabled by them." Tr. 17.

The ALJ next determined that claimant's residual functional capacity precludes him from returning to his past relevant work. At step five, considering claimant's age, education, work experience and residual functional capacity, as well as the VE's testimony and the Medical-Vocational Guidelines, the ALJ determined that claimant retains the capacity to make an adjustment to jobs that exist in significant numbers in the national economy, specifically, mail clerk. Tr. 18, 19. Consequently, the ALJ found claimant not to be disabled at any time through the date of his decision within the meaning of the Social Security Act, and denied his applications for benefits. Tr. 19.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not, therefore, repeat the evidence except as necessary to explain my decision.

DISCUSSION

Claimant makes several allegations of error in the Commissioner's decision. He contends that the ALJ improperly rejected the opinions of treating and examining physicians and medical sources and that the ALJ's vocational findings were based on vague and erroneous testimony. He also asserts, in his reply, that the ALJ improperly discredited lay witness statements.

I agree with claimant that the Commissioner did not properly address the medical evidence. Of key importance to this conclusion is the Appeals Council's out-of-hand dismissal of two post-decision submissions from Drs. Rodriguez and Ash, which appear in the record at Tr. 261-264. In these records, Dr. Rodriguez opines, on June 13, 2006, that claimant is "permanently disabled and unable to work." Tr. 261. And in a letter dated June 21, 2006, Dr. Ash describes claimant's neurological condition in detail, and states, among other things, that:

> These neurological and cognitive deficiencies create a number of difficulties which render [claimant] unemployable. His markedly impaired cognitive function created difficulty with problem solving, manipulating information, attention span, train of thought and general memory functioning. He has a documented anxiety disorder, feeling nervous and anxious, particularly in public. The patient also suffers from depression, whether due to MS or trying to get disability is not clear.
>
> It is our opinion that based on neuropsychological testing, physical and emotional findings, and the way the patient presents himself in the clinic that [claimant's] cognitive, emotional, and physical deficits are significant enough to render him unemployable in any capacity.

Tr. 262-63.

The Appeals Council's sole rationale for rejecting the above opinions is: "This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 27, 2006." Tr. 6. That finding is troubling. The time span between the ALJ's April 2006 decision and the two doctors' June 2006 opinions is a

5 - OPINION AND ORDER

mere two months, and nothing in either document suggests that the doctors' opinions are confined to the period after April 27, 2006.  At the very least, the Commissioner was obligated to inquire as to the time period covered by the opinions.

In addition, in his decision, the ALJ cited Dr. Ash's records and opinions as inconsistent with testimony of claimant's mother, claimant's own testimony, and any finding of disabling impairment, because according to the ALJ, Dr. Ash's records from 2005 support a finding of only "very mild limitations due to multiple sclerosis."  Tr. 16.  Given Dr. Ash's unequivocal opinion rendered in June 2006 that claimant is unemployable, the ALJ's reliance on Dr. Ash to discredit other medical evidence and claimant's lay witness cannot be sustained.

The Commissioner's failure to address the June 2006 opinions of Drs. Rodriguez and Ash is error that requires remand.  This brings me to the question of whether the appropriate remedy is remand for further proceedings or for an immediate award of benefits.

The Ninth Circuit has clarified that the decision whether to remand for further proceedings or to award benefits ordinarily is within the court's discretion.  See Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); see also Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993).  Remand for an award of benefits is appropriate where the record is complete and no outstanding issues must be resolved before a proper disability determination can be made.  In this case, the medical evidence of record does not support the ALJ's finding of "not disabled."  I see no purpose in remanding the case for the ALJ to consider the 2006 opinion Dr. Ash because the opinion leaves no room for interpretation.  Consequently, I agree with claimant that in this particular case, remand for an award of benefits is appropriate and I exercise my discretion to do so.

6 - OPINION AND ORDER

CONCLUSION

The Commissioner's decision denying benefits is REVERSED and the case is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g) for an immediate award of benefits.  Any other pending motions are denied as moot.

DATED this 28th day of September, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

7 - OPINION AND ORDER